UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

_____
:
**Days Inns Worldwide, Inc.,**          :
:
        **Plaintiff,**          :
:          **Civil Action 10-479 (ES) (CLW)**
        **v.**                  :
:
**Al Noor Corporation, et. al,**        :          **OPINION and ORDER**
:
        **Defendants.**        :
_____:

**SALAS, DISTRICT JUDGE**

On November 10, 2011, Magistrate Judge Cathy Waldor issued a Report and Recommendation, (D.E. 34), recommending that this Court grant Plaintiff Days Inns Worldwide, Inc.'s ("Days Inns") motion to strike the answer and to enter default. (D.E. 30). The Defendants were given notice that the motion was before the Court and as of June 20, 2011 there had been no response to the Court's deadline for replying. Having carefully reviewed the Report and Recommendation and the submissions by the parties *de novo*, the Court hereby ADOPTS the below Report and Recommendation of Magistrate Judge Waldor. In addition to adopting the facts, the procedural history, the summary of the parties' arguments on striking the answer, the discussion of sanctions, and the legal conclusions of Magistrate Judge Waldor, the Court addresses the significance of a Corporation unrepresented before the Court.

Plaintiff moves to strike Defendants' answer for violation of Federal Rules of Civil Procedure 16 and 37, and further requests an entry of default upon Defendants under Rule 55(a). (Pl. Cert. at 2). The Court grants the request and adopts Magistrate Judge Waldor's analysis

1

identifying when the sanction of dismissal is appropriate under the *Poulis* factors. *See Poulis v. State Farm & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Under *Poulis*, the Court balances the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

The Court agrees with Magistrate Judge Waldor's analysis under each factor, and the Court highlights the analysis under factors two and four, which demonstrate the chief reasons why the Court grants Plaintiff's motion to strike and enter default. As to factor two—prejudice to the other parties caused by the non-moving party's delay—the Court emphasizes the following language from Judge Waldor's Report and Recommendation:

> There is no question that Plaintiff is prejudiced by Defendants' failure to produce discovery. Plaintiff has been deprived of the information it needs to support its claims and has additionally been forced to file several motions, expending both time and resources, to obtain relevant discovery. *See Hoxworth v. Blinder Robinson & Co., Inc.*, 980 F.2d 912, 920 (a court may impose a default as a permissible sanction for violating a discovery order); *Ramada Worldwide Inc. v. NPR Hospitality Inc.*, No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice where plaintiff was unable to obtain discovery or pursue its claims "due to Defendants' failure to actively participate in the litigation of [the] case").

(D.E. 34 at 4). Indeed, at the time Plaintiff filed the instant motion in June 2011, Defendants had been inactive for over seven months, forcing Plaintiff to expend time and money to file discovery motions that Defendants ignored. Additionally, Defendants failed to attend court-ordered conferences on March 17, 2011 and April 21, 2011, forcing Plaintiff to incur additional, unnecessary costs.

As to factor four—whether the conduct of defendant was willful or in bad faith—Judge Waldor reasoned, "Defendants' actions have clearly been willful . . . There is no evidence to suggest that the failure to produce discovery or comply with court orders resulted from inadvertence, neglect or mistake." (D.E. 34 at 5). Defendants' initial, active participation in the proceedings, followed by a seven-month period of non-responsiveness, demonstrates Defendants' willful neglect. For example, on March 8, 2010, Defendants actively participated in the proceeding by filing their answer, and Defendants participated in settlement talks on August 4, 2010. (Pl. Cert. ¶¶ 6-7). Subsequently, when the settlement broke down, Defendants became non-responsive. As Judge Waldor states, "Defendants [have] selectively elect[ed] not to participate in this case." (D.E. 34 at 5). In fact, Defendants have twice defied Court Orders to appear at status conferences. The Court's February 16, 2011 Letter Order directed the parties to file a written status update by March 14, 2011 and to appear for a status conference on March 17, 2011. (D.E. 25). Defendants failed to file an update and did not attend the conference. The Court's March 21, 2011 Letter Order directed the parties to file updates on April 18, 2011 and to attend a conference on April 21, 2011. (D.E. 28). Again, Defendant did neither. Additionally, Days Inns alleges that Defendants have not provided responses to discovery nor responded to counsel for Days Inns in any way since November of 2010. Defendants' neglect demonstrates an intentional defiance of the Court's process.

Despite the fact that the sanctions of striking an answer and entering default are reserved for the most extreme cases, they are warranted here, as in other cases where the parties neglected court-ordered deadlines and substantially delayed the proceedings. *See Parker v. Pennstar Bank, NBT*, 436 F. App'x 124, 125-27 (3d. Cir. 2011) (dismissing *pro se* plaintiff's complaint based on a two-month failure to comply with court-ordered discovery and plaintiff's absence from a court-

ordered motion hearing date); *Poulis*, 747 F.2d at 868 (finding that the district court did not abuse its discretion when it entered sanctions against a plaintiff who failed for five months to make discovery requests, failed for four months to respond to interrogatories, and submitted a court-ordered pre-trial statement over a month late); *Caffrey v. Scott*, No. 10-5055, 2011 WL 4528169, at *4 (D.N.J. Sept. 28, 2011) (finding sanctions were warranted where plaintiff failed to oppose two motions to dismiss despite "numerous extensions of motion dates and filing deadlines" and for failure to comply with the court's order to serve all correspondence on plaintiff's adversary).

In addition to Magistrate Judge Waldor's reasoning under the *Poulis* factors, the Court finds that Defendant Al Noor Corporation's failure to obtain counsel for two years further supports sanctions. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966) (holding that agents representing the corporation in court must always be attorneys); *Edwards v. City of Easton*, No. 08-1524, 2009 WL 2914417, at *1 (E.D. Pa. Sept. 10, 2009) ("A corporation can only litigate its rights through a licensed attorney; it cannot represent itself *pro se* or through one of its officers.").

On February 3, 2012, to provide the un-represented corporate Defendant notice and one last opportunity, the Court ordered Al Noor Corporation to obtain counsel by February 8, 2012. (D.E. 36). Defendant allowed this deadline to pass without abiding by the Court's order. "*Pro se* litigants, like all litigants, must comply with Court orders. 'When they flout that obligation, they, like all litigants, must suffer the consequences of their actions.'" *Harrington v. All Am.*

*Plazas, Inc.*, No. 08-3848, 2010 WL 2710573, at *2 (D.N.J. July 7, 2010) (quoting *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994)).

For the above reasons, as well as the reasons set forth by Magistrate Judge Waldor adopted by this Opinion, the Court strikes Defendants' answer and counterclaim and enters default judgment against Defendants.

**ORDER**

IT IS on this 5th day of March 2012 ORDERED as follows:

1. The Report and Recommendation of Magistrate Judge Waldor is hereby adopted—as explained in the above Opinion—as the opinion of this Court;

2. Plaintiff's Motion to Strike the Defendants' Answer pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37 is GRANTED;

3. Plaintiff's Motion to Enter Default Judgment for failure to properly answer pursuant to Fed. R. Civ. P. 55(a) is GRANTED;

4. The Clerk of Court shall administratively terminate the following motion, decided in this Opinion and Order: (D.E. 30);

5. The Clerk of Court shall administratively terminate the Report and Recommendation of Magistrate Judge Waldor, adopted in this Opinion: (D.E. 34).

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

------------------------------------------------------X
                                                      :
**Days Inns Worldwide, Inc.,**                        :
                                                      :
        **Plaintiff,**             :
                                                      :
                                                      :     Civil Action 10-479 (ES) (CLW)
                                                      :
        **v.**                     :
**Al Noor Corporation, et. al,**           :     **REPORT & RECOMMENDATION**
                                                      :     November 10, 2011
        **Defendants.**            :
------------------------------------------------------X

**WALDOR, MAGISTRATE JUDGE**

      This matter is before the Court by way of motion of plaintiff Days Inns Worldwide, Inc. ("Days Inns" or "Plaintiff") to strike the answer of defendants Al Noor Corporation, Tariq Sulhary and Saira Sulhary (collectively "Defendants") for violating Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37 and enter default upon Defendants pursuant to Fed. R. Civ. P. 55(a) ("Motion to Strike Defendants' Answer"). (D.E. 30). Pursuant to Local Civil Rule 72.1, the Honorable Esther Salas, United States District Judge, referred this motion to the Undersigned for report and recommendation ("Recommendation"). For the reasons to be discussed, it is respectfully recommended that Days Inns motion be GRANTED and that an order ("Order") be entered striking Defendants' answer and entering a default against Defendants. The Court makes the following findings in support of this Recommendation.

## I.  Background

Plaintiff initiated this action by filing its Complaint on January 27, 2010 in the United States District Court, District of New Jersey (the "Complaint"). (D.E. 1). The Complaint alleges that on or about November 15, 2002, Days Inns entered into a license agreement ("License Agreement") with Defendants "for the operation of an [*sic*] 69-room guest lodging facility located in . . . Yadkinville, North Carolina . . . ." See Complaint at ¶ 9. Days Inns alleges Defendants defaulted on its payments under the License Agreement and that Defendants owe Days Inns the sum of $88,164.81. See Complaint at ¶ 23. On March 8, 2010, Defendants responded to the Complaint by filing an answer to the Complaint through Tariq Sulhary, appearing pro se ("Answer"). (D.E. 6). On August 4, 2010, the parties reached a confidential settlement whereby Defendants agreed to pay a sum certain in full and final satisfaction of Days Inns claims. Thereafter, Defendants failed to execute the agreement and, on January 18, 2011, the Court reopened the case. (D.E. 23). Since the case has been reopened, Defendants have not appeared at the in-person status hearings or participated in the Court-ordered telephone conferences. (Dkt Nos. 25, 28 and 33). Additionally, Days Inns alleges that Defendants have not provided responses to discovery nor responded to counsel for Days Inns in any way since November of 2010.

Days Inns filed the instant motion on June 9, 2011, requesting that this Court strike the answer of Defendants and enter default against Defendants, along with a supporting certification. (D.E. 30). Defendants have not responded to this motion. The Motion to Strike Defendants' Answer was referred to the Undersigned on October 28, 2011.

## II. Discussion

Rules 16 and 37 of the Federal Rules of Civil Procedure authorize a court to sanction a party that fails to appear at a scheduling or other pretrial conference or fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(A), Fed. R. Civ. P. 16(f)(1)(C). When a party violates Fed. R. Civ. P. 16, the court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1). Fed. R. Civ. P. 37(b)(2)(A) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> ...
>
> (iii) striking pleadings in whole or in part;
>
> (iv) rendering a default judgment against the disobedient party;

Fed. R. Civ. P. 37(b)(2)(A). In Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the court identified six factors to evaluate when deciding whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. No particular Poulis factor is controlling and dismissal can be granted even when some of the factors are not met. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). As such, the decision whether to dismiss is left to the court's discretion. Id.; See Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010).

As to the first Poulis factor, the Court finds that Defendants are personally responsible for the failure to produce discovery and comply with several court orders. Specifically, on March 17, 2011, Judge Salas scheduled an initial scheduling conference pursuant to Fed. R. Civ. P. 16. (D.E. 25). Defendants did not appear at this conference. Thereafter, Judge Salas adjourned and rescheduled the initial scheduling conference. (D.E. 28). Again, on April 21, 2011, Defendants failed to appear. Most recently, on November 2, 2011, this Court conducted a telephone conference to assess the status of the instant motion. (D.E. 33). As before, Defendants did not call Chambers to participate in the conference. Defendants are not represented by counsel and cannot argue that a third party is somehow responsible for their failure to participate in this litigation. Accordingly, the Court finds that the first Poulis factor supports striking Defendants' answer.

The second Poulis factor requires examination of the prejudice to the other parties caused by the delay. There is no question that Plaintiff is prejudiced by Defendants' failure to produce discovery. Plaintiff has been deprived of the information it needs to support its claims and has additionally been forced to file several motions, expending both time and resources, to obtain relevant discovery. See Hoxworth v. Blinder Robinson & Co., Inc., 980 F.2d 912, 920 (a court may impose a default as a permissible sanction for violating a discovery order); Ramada Worldwide Inc. v. NPR Hospitality Inc., No. 06-4966, 2008 WL 163641, at *4 (D.N.J. Jan. 16, 2008) (finding prejudice where plaintiff was unable to obtain discovery or pursue its claims "due to Defendants' failure to actively participate in the litigation of [the] case").

Third, there is a history of dilatoriness on the part of Defendants. To that end, Defendants have ignored all good faith efforts to obtain the requested discovery, participate in

4

scheduled conferences and comply with court orders. Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868) ("[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders"). The delay in this case has been caused exclusively by Defendants. This weighs in favor of striking Defendants' answer.

Under the fourth Poulis factor, the Court examines whether a defendant's conduct is willful or in bad faith. Here, Defendants' actions have clearly been "willful." See Ramada, 2008 WL 163641, at *4-5 (court considered defendants' non-compliance with court order willful conduct). There is no evidence to suggest that the failure to produce discovery or comply with court orders resulted from inadvertence, neglect, or mistake. Defendants' have actively participated in this matter at earlier stages of the litigation. As noted above, on August 4, 2010, this case even reached tentative settlement. The Court infers from Defendants' actions that Defendants are now selectively electing not to participate in this case. As such, the fourth Poulis factor, like the three that precede it, weighs in favor of granting the relief Days Inns requests.

The fifth Poulis factor requires the Court to consider whether alternative sanctions would be effective. Defendants' lack of participation demonstrates an intention to no longer litigate this case. The Court thus concludes that alternative sanctions, including monetary sanctions, would not prompt an appropriate response from Defendants. See First Franklin Fin. Corp. v. Rainbow Mortg. Corp., Inc., No. 07-5440, 2010 WL 4923341 (D.N.J. Oct. 19, 2010); Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC, No. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (defendant "demonstrated its complete neglect of its obligations as a litigant in this

matter. Given [defendant's] willful non-compliance, we do not believe that a monetary sanction would be sufficient in this case. . . . [A] sanction such as the award of attorney fees would do nothing to suddenly prompt [defendant's] compliance with the Court's orders.").

Lastly, the final Poulis factor to consider is whether Days Inns claim is meritorious. In considering whether a claim or defense is meritorious, a summary judgment standard is not used. Poulis, 747 F.2d at 869-70. Instead, a court must consider whether "the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense." Id. However, this Court is not required to "have a mini-trial before it can impose a default." Hoxworth, 980 F.2d at 922. Thus, where both parties' positions appear reasonable from the pleadings, the issue of meritoriousness is neutral and non-dispositive. Id. Here, in its answer, Defendants deny the following allegations: (1) the term of the License Agreement; (2) the inclusion of tax and interest in the payment of recurring fees under the License Agreement; (3) the Defendants' alleged agreement to pay attorney fees Days Inns incurred in enforcing the License Agreement; (4) Defendants' failure to timely pay the required recurring fees; and (5) the amount Defendants owe Days Inns. (Answer ¶¶ 4-6, 8, 9). Based on the record before it, the Court cannot conclude for purposes of the instant motion that Defendants' defenses are without merit. Therefore, the Court takes no position with regard to the sixth Poulis factor.

This Court recognizes that the striking of an answer and the entry of default is reserved for the most extreme cases. Poulis, 747 F.2d at 867-68 (*citing* Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)) ("[D]ismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, . . . and are to be reserved for [such]

6

cases."). Nonetheless, this Court finds that the Poulis factors warrant this extreme sanction. Defendants have consistently failed to cooperate in discovery and to comply with several court orders. In light of the above, there is no alternative lesser sanction available to Days Inns than to strike Defendants' Answer and enter default.

### III.  Conclusion

For the foregoing reasons, this Court respectfully recommends that Plaintiff's Motion to Strike Defendants' Answer be GRANTED, and that a default be entered against Defendants. Pursuant to Fed. R. Civ. P. 72(b)(2) and L. Civ. R. 72.1(a)(2), the parties shall have fourteen days from receipt of this Report and Recommendation to file and serve any objections.

*s/Cathy L. Waldor*
**Cathy L. Waldor, U.S.M.J.**