# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| | : | |
| **DAYS INNS WORLDWIDE, INC.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 10-479 (ES)** |
| **v.** | : | |
| | : | **ORDER** |
| **AL NOOR CORPORATION, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

This matter having come before the Court on Days Inns Worldwide, Inc.'s ("Plaintiff") motion for default judgment against Al Noor Corporation ("Al Noor") only (Docket Entry No., "D.E." 41) pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court having considered Plaintiff's submissions, and it appearing that:

1. Plaintiff commenced this action on January 27, 2010.  (D.E. 1).

2. Service of a copy of the Summons and Complaint was effectuated upon Al Noor on February 16, 2010.  (D.E. 5).

3. On March 5, 2012, the Court granted Plaintiff's motion for sanctions, striking the answer and entering default based on Defendants' seven months of inactivity following their answer.  (D.E. 39).  *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 917 (3d Cir. 1992) ("Although . . . Rule [55(a)] refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction.").

4. On March 19, 2012, Plaintiff filed the instant motion for final judgment by default as to Al Noor Corporation, only.  (D.E. 41).

5. Plaintiff has provided Defendant with notice of the motion for default judgment and related documentation.  (D.E. 41 at 3-4).

6. To date, Defendants have not opposed Plaintiff's motion for default judgment.

Accordingly, **IT IS** on this 3rd day of August, 2012,

**ORDERED** that judgment is hereby entered against Al Noor in the total amount of **$201,854.47** comprised of the following:

(a) $185,839.39 for Recurring Fees as of March 6, 2012, (Fenimore Aff. ¶ 15, D.E. 41-3; Ex. H); and

(b) $14,762.25 in attorneys' fees, (*id.* ¶ 18); and

(c) $1,252.83 in costs, (*id.*); and it is further

**ORDERED** that the entire controversy doctrine shall not bar Plaintiff from pursuing—and Plaintiff shall have the right to pursue—any additional amounts that accrue or become due and owing from Al Noor on or after March 6, 2012 in a separate legal proceeding; and it is further

**ORDERED** that the Clerk shall mark this matter closed.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**